IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brian Russell, | ) | C/A NO. 3:13-2014-CMC |
| | ) | |
| Plaintiff, | ) | **OPINION and ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Nikki Haley, Governor of South Carolina; | ) | |
| State of South Carolina; Lillian Kohler, | ) | |
| Director of South Carolina Department of | ) | |
| Social Services; Jean Hanna, Director of | ) | |
| Kershaw County Department of Social | ) | |
| Services; Shalia Belton, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on Plaintiff's complaint alleging violations of 42 U.S.C. § 1983 and state law claims. On May 27, 2014, Defendants State of South Carolina, Lillian Kohler, Jean Hanna, and Shalia Belton filed a motion for summary judgment as to all of Plaintiff's claims. ECF No. 32. Plaintiff, represented by counsel, has not responded to Defendants' motion and the time for doing so has expired.

**I. BACKGROUND**

Plaintiff's complaint "is far from a model of clarity, rendering enigmatic an identification of 'the specific constitutional right allegedly infringed by the challenged [conduct].'" *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996) (quoting *Graham v. Conner*, 490 U.S. 386, 394 (1989)). *See also*

---

[1] Defendant Nikki Haley was dismissed with prejudice by agreement of the parties on May 22, 2014. ECF No. 29. Additionally, it appears the names of three Defendants (Kohler, Hanna, and Belton) have been misspelled. However, no amended complaint has been filed in this matter.

1

*Cook v. Howard*, 484 F. App'x 805, 807 (4th Cir. 2012) (noting as to the plaintiff's complaint and reply brief that to say that they "are poorly drafted is to be generous.").

In the light most favorable to Plaintiff, the facts are as follows. On March 12, 2012, the Kershaw County Department of Social Services (Kershaw DSS) received and investigated an allegation that Stacy Renee Melton, the biological mother and custodial parent of Plaintiff's minor children, had been using illegal drugs. See Compl. at ¶¶ 14-15, ECF No. 1-1. Plaintiff was working in Tennessee at the time, but upon notice of the Kershaw DSS involvement, returned to South Carolina. *Id*. at ¶ 16. Plaintiff submitted to and failed a drug screening test. *Id*. at ¶ 17. Between March 2012 and December 2012, Plaintiff completed parenting classes and a relapse prevention program. *Id*. at ¶ 19-20. Plaintiff consented to a second Safety Plan on July 27, 2012.

On December 21, 2012, Defendant Shalia Belton asked Plaintiff to sign a new Safety Plan, based upon an allegation of physical abuse against Plaintiff by one of the minor children. The Plan called for Plaintiff to have supervised visits with his children at the Kershaw DSS office with a Kershaw DSS officer present. Plaintiff contends Defendant Belton threatened to place the children in foster care if the Safety Plan was not signed. *Id*. at ¶ 23. Plaintiff refused to sign the plan. *Id*. at ¶ 22.

On January 18, 2013, Kershaw DSS filed a summons and complaint in Family Court against Plaintiff, Stacy Melton and Robin Horton. *Id*. at ¶ 24. The Family Court complaint alleged that the minor children in question had been "abused and/or neglected . . . in that the child [sic] was harmed or threatened with harm," Ex. B to Aff. of Jean Hanna (hereinafter "Hanna Aff.") at 4, ECF No. 32-13, and that "a separate investigation has been initiated for physical abuse." *Id*. at 6. The Family Court complaint sought temporary placement of the minor children with other family members, that

Melton and Plaintiff be ordered to complete a "treatment plan," and that the court find the children "are an abused or neglected children [sic]" and that the children "cannot be protected from further harm without removal from the custody of the parents." *Id*. at 7, 8. Sometime between February 4, 2013 and February 20, 2013, Plaintiff received notice from Kershaw DSS that the allegation of physical abuse was substantiated. Based upon instructions received with the determination, Plaintiff filed an administrative appeal.

Per the uncontroverted affidavit of Defendant Jean Hanna, after Hanna received notice that Plaintiff intended to appeal the finding of physical abuse, she "immediately retrieved and reviewed the case file." Hanna Aff. at ¶ 5, ECF No. 32-11. Upon review, she noticed that a complaint had already been filed in Family Court by DSS attorney Virginia Ann Millikin. During her review, Hanna

> spoke with Attorney [Millikin] and verified that both the physical neglect intake and the physical abuse intake were encompassed in the Family Court filing. I then followed up with Karen Fleming with the Office of Administrative Hearings on February 21, 2013 via email and informed her that the current appeal for the physical abuse charge would be consolidated with the physical neglect charge and would be heard in the Family Court.

*Id*. at ¶ 9. Hanna attests that

> Kershaw County DSS does not have separate case files for the indications of physical neglect and physical abuse, but these are just two separate service lines or intakes included in the same case file. Kershaw County DSS petitioned the Family Court for intervention in the case file of the Plaintiff, not simply in the service line for physical neglect.

*Id*. at 12.

On March 28, 2013, Plaintiff was informed by the DSS Office of Administrative Hearings that an appeal hearing would not be held "due to the intention of Kershaw County Department of

Social Services' intent [sic] to file a Complaint in the matter." Compl. at ¶ 30. On April 3, 2013, Hanna sent Plaintiff's counsel a letter indicating that she agreed with the indicated finding of physical abuse. *Id*. at ¶ 29. The letter informed Plaintiff that "the Family Court had been petitioned in this case and the Plaintiff would have the right to contest the findings in that forum." Hanna Aff. at ¶ 11.

Plaintiff contends that as of June 13, 2013 (the date of filing his complaint in state court), no Complaint had been filed in Family Court addressing the allegations of physical abuse. Compl. at ¶ 29. Per Hanna's affidavit, "the Family Court matter against the Plaintiff is still ongoing. I have no control over the Family Court docket and I am not an attorney handling that matter for DSS." Hanna Aff. at ¶ 14.

Plaintiff alleges he has been denied due process because he has been denied judicial and administrative review of the Kershaw DSS finding of physical abuse of one of his minor children, and that Defendants Hanna and Belton abused process and acted negligently.[2] Plaintiff seeks monetary and "injunctive relief" from "Defendants to refrain from denying Plaintiff Due Process . . . ." *Id.* at 17 (prayer for relief).[3] Plaintiff brought suit in state court, alleging a cause of action under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment due process rights,

---

[2]Plaintiff's complaint indicates that "Defendants South Carolina Department of Social Services [and] Kershaw County Department of Social Services" also acted negligently. *See* Compl. at ¶ 55. However, these "Defendants" are not listed as parties to this case either in the caption or in the "Parties and Jurisdiction" section of Plaintiff's complaint.

[3]Additionally, Plaintiff maintains he has been required by the Child Support Enforcement Division of the South Carolina Department of Social Services "to pay child support on the two minor children . . . to individuals that do not have legal custody of the two minor children[,]" Compl. at ¶ 52, "despite having appropriate placement for the children, and being denied visitation with the children[,]" *id*. at ¶ 53. However, Plaintiff makes no claim for relief relating to this contention.

4

as well as state law claims of abuse of process and negligence. Plaintiff sued Defendants Kohler and Hanna in their official capacities. *See* Compl. at ¶¶ 45, 46.

All Defendants removed this case on July 22, 2013, and the remaining Defendants have now moved for summary judgment on all claims. Plaintiff has filed no response to Defendants' motion.

## II. STANDARD

### A. SUMMARY JUDGMENT

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

(1)   A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

  (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or

  (b)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). Neither may a party create a genuine issue of material fact by presenting his or her own conflicting versions of events. *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

## B. Due Process – Fourteenth Amendment

Plaintiff contends his due process rights under the Fourth and Fourteenth Amendments were violated. However, the Fourth Amendment is not implicated by this case as there is no search or seizure of which Plaintiff complains.[4] Accordingly, any claimed due process violation exists under the Fourteenth Amendment.

A parent has a "protectible liberty interest in the care and custody of his children." *Weller v. Dep't Social Servs. City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Presumably, Plaintiff alleges a violation of his procedural due process rights, as he makes no viable assertion that his

---

[4]Plaintiff was required to submit at least three (3) drug screening tests. Plaintiff does not raise any allegations relating to these tests.

substantive due process rights have been violated.[5] *See* Compl. at ¶ 39 (noting that courts have held that "Notice and Opportunity to be Heard [sic] as the cornerstone of due process.").

"At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard." *Snider Intern. Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146 (4th Cir. 2014). "Notice and the hearing are two distinct features of due process, and are thus governed by different standards." *Id*. (citing *Dusenbery v. United States*, 534 U.S. 161, 168 (2002)). Proper notice is "'an elementary and fundamental requirement of due process,' and must be reasonably calculated to convey information concerning a deprivation." *Id*. (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Courts apply a three-step inquiry to determine the adequacy of the opportunity to be heard: a balancing of the private interest and the public interest, along with "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### III. DISCUSSION – FEDERAL CAUSE OF ACTION (42 U.S.C. § 1983)

Defendants argue that the State of South Carolina is immune from suit for damages under the Eleventh Amendment. Even assuming Defendants' removal of this case to this court did not

---

[5]The substantive component of the due process clause protects against only the most egregious, arbitrary governmental conduct; that is, conduct that can be said to "shock[ ] the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). To the extent Plaintiff may allege a substantive due process violation, it "does not shock the conscience to hear that defendants removed a child in emergency action from the custody of a parent suspected of abusing him, based upon some evidence of child abuse." *Weller v. Dep't Social Servs. City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Plaintiff did not maintain physical custody at the time of the children's removal, and there was evidence to support an indicated finding of neglect by the mother, Stacy Melton, and (later) physical abuse of one of the minor children by Plaintiff. Accordingly, a claim for a substantive due process violation would necessarily fail.

7

waive Eleventh Amendment immunity, *see Lapides v. Bd. of Regents*, 535 U.S. 613 (2002), § 1983 only authorizes claims against "persons" acting under color of state law and "persons" does not include states or their entities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Plaintiff's claims for monetary relief against Defendant State of South Carolina are **dismissed** without prejudice.

Defendants also argue that Defendants Kohler and Hanna are immune from suit in their official capacities for any asserted monetary relief. To the extent that Defendants Kohler and Hanna are sued in their official capacities, they are treated as "arms of the State," and are therefore not "persons" amenable to suit under 42 U.S.C. § 1983. *Will*, 491 U.S. at 70. Plaintiff's complaint indicates that each of these Defendants "in her official capacity" is liable "injunctively, punitively, and restitutionally . . . ." Compl. at ¶¶ 45, 46, ECF No. 1-1. As noted above, official capacity suits bar requests for monetary relief. Accordingly, Plaintiff's claims for monetary relief as to Defendants Kohler and Hanna are **dismissed** with prejudice.

The Supreme Court delineated an exception to the application of the Eleventh Amendment in *Ex parte Young*, 209 U.S. 123 (1908). That exception "permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). Accordingly, to the extent Plaintiff's suit seeks *prospective* injunctive relief, this relief is not barred by the Eleventh Amendment.

### A. DEFENDANT JEAN HANNA

Plaintiff complains that Hanna "is liable" for "the Kershaw County Department of Social Service's [sic] violation of his Due Process Rights . . . ." Compl. at ¶ 46. However, Plaintiff offers

no evidence to contradict Hanna's affidavit that she timely conducted an interim review, sought advice from DSS attorney Millikin regarding whether both "intake lines" would be heard in the already-pending Family Court case, and thereafter confirmed with Plaintiff's counsel that "[w]e are petitioning the Family Court for Intervention in this case, *and Mr. Russell will have an opportunity to contest* [the finding of physical abuse] *in that forum*." Ex. F to Hanna Aff. at 2, ECF No. 32-17 (emphasis added). Plaintiff offers no evidence of Defendant Hanna's involvement with this case which somehow violated Plaintiff's constitutional rights. Accordingly, Defendant Jean Hanna's motion for summary judgment as to Plaintiff's federal cause of action is **granted** and it is dismissed with prejudice.

### B. DEFENDANT LILLIAN KOHLER

Plaintiff alleges Defendant Kohler is "liable" to him for "the South Carolina Department of Social Service's [sic] violation of his Due Process Rights . . . ." Compl. at ¶ 45. Although Plaintiff maintains that "Defendants" "unlawfully interfered" with his due process rights via "Department of Social Services policy to not follow the due process procedures promulgated by the legislature[,]" Compl. at ¶ 2, and he has been "denied" both judicial and administrative review of his "situation," *id*. at ¶ 31, Plaintiff presents no evidence that Defendant Kohler "denied" him Due Process. The evidence presented in support of Defendants' summary judgment motion indicates Plaintiff has been provided notice of administrative and judicial proceedings which affect his legal interests and to which he is a party, both via the complaint filed in Family Court and the "Order to Stay Appeal" filed by the Office of Administrative Hearings, *see* Ex. E to Hanna Aff., ECF No. 32-16. Additionally, Plaintiff has presented no evidence that he has not been afforded an opportunity to be heard on these matters. Plaintiff has not, for example, provided evidence that he appealed the Order to Stay Appeal,

or that he has moved for a hearing or dismissal in the currently-pending Family Court matter and has been somehow denied in either or both forums.

Accordingly, as Plaintiff has failed to provide evidence beyond the assertions in the complaint that he has been denied due process, Plaintiff has failed to establish any constitutional violation by Kohler. Therefore, Defendant Lillian Kohler's motion for summary judgment on the federal cause of action is **granted** and this claim is dismissed with prejudice.

### III. STATE LAW CLAIMS

It is this court's customary practice to decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). As the Fourth Circuit explained in *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary (West 1993)). Where the original jurisdiction claim is dismissed before trial, the state claims should be dismissed as well. *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437. The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The constitutionality of this statute was upheld in *Jinks v. Richland County*, 538 U.S. 456 (2003).

Accordingly, the court declines to exercise jurisdiction over Plaintiff's state law claims and they are remanded to the Kershaw County Court of Common Pleas.

## IV. CONCLUSION

Defendant State of South Carolina is dismissed from this action without prejudice. Defendants Kohler and Hanna are **granted** summary judgment on Plaintiff's federal cause of action, and it is dismissed with prejudice. Plaintiff's state law causes of action are hereby remanded to the Kershaw County Court of Common Pleas.

**IT IS SO ORDERED.**

                                      s/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 30, 2014